No. 04-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 238N

KERT G. DESHNER II,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    The District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DV-04-030,
Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Kert G. Deshner II, Pro Se, Shelby, Montana

    For Respondent:

      Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

      Chris Christensen, County Attorney, Conrad, Montana

Submitted on Briefs: May 18, 2005

Decided: September 20, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kert G. Deshner II (Deshner) appeals from the order entered by the Ninth Judicial District Court, Pondera County, dismissing his petition for postconviction relief. We affirm.

¶3      Deshner was charged on February 14, 2002, by information with the offenses of burglary, a felony, two counts, in violation of § 45-6-204(1), MCA; theft, a felony, two counts, in violation of § 45-6-301(1)(a), MCA; and deceptive practices, a felony common scheme, in violation of § 45-6-317(1)(d)(i), MCA. Sometime thereafter, Deshner confessed to law enforcement that he committed the crimes charged, and on April 22, 2002, Deshner, with the assistance of counsel, executed an Acknowledgment of Waiver of Rights by Plea of Guilty.

¶4      On June 25, 2002, the District Court sentenced Deshner to a twenty-year prison term. The judgment also provided that in the event that Deshner is paroled prior to discharging his prison sentence, he should be placed under the supervision of Adult Probation and Parole and be required to make restitution payments as a condition of his parole.

¶5      On November 26, 2003, Deshner requested the court to appoint counsel, as his previous counsel had retired, because "some issues . . . need to be addressed," referring to

2

his case and sentence. The District Court denied Deshner's request, noting that no issues were pending for determination.

¶6     On May 3, 2004, Deshner filed a pro se petition for postconviction relief in which he alleged that (1) the sentencing court denied him due process of law because the court did not consider his financial ability to pay restitution; (2) the sentence imposed was illegal as the court did not have the statutory authority to impose restitution unless it deferred imposition of his sentence; and (3) his Sixth Amendment right to effective assistance of counsel was denied as his counsel failed to file a timely notice of appeal challenging the sentence.

¶7     On June 17, 2004, the District Court entered an order dismissing Deshner's petition for postconviction relief on the basis that his petition was not filed within one year after his conviction became final. Deshner's conviction became final on August 15, 2002, and thereby the time for filing a petition for postconviction relief expired on August 15, 2003. Deshner appeals.

¶8     Deshner argues the same issues he presented before the District Court. He responds to the State's time bar argument by asserting that the District Court was without subject matter jurisdiction to impose restitution, and therefore he is not time barred in raising issues before the court.

¶9     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law, which

3

the District Court correctly interpreted.  This matter is clearly time-barred.  *Peña v. State*,

2004 MT 293, ¶ 35, 323 Mont. 347, ¶ 35, 100 P.3d 154, ¶ 35.

¶10     We affirm the judgment of the District Court.


                                                    /S/ JIM RICE

We Concur:

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON